THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE W. BURNSIDE, Defendant-Appellant.

Third District    No. 3—84—0654

Opinion filed May 2, 1985.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, George W. Burnside, was convicted of aggravated battery and battery. The sole issue on appeal is whether the defendant was denied effective assistance of counsel at trial. We affirm.

The defendant was convicted as the result of an assault on two individuals, Earl Wells and Joel Shaw. Before trial, appointed counsel for the defendant informed the court that two years earlier she had previously represented Earl Wells, one of the victims in the instant cause. In the earlier representation, counsel was the public defender representing Wells in a criminal prosecution.

Counsel stated to the court that her prior representation would not compromise her position in representing the defendant. In response to the court's inquiry, the defendant stated that he accepted counsel's continued representation. The court found no *per se* conflict of interest and allowed counsel to continue to represent the defendant.

On appeal, the defendant argues that the court erred in finding no *per se* conflict, and that counsel's continued representation while laboring under a conflict deprived him of the effective assistance of counsel. The defendant asserts, therefore, that his conviction must be reversed.

This court was presented with a similar issue in *People v. Kloiber* (1981), 95 Ill. App. 3d 1061, 420 N.E.2d 870. The State presented the testimony of Robert Nichols, who had been incarcerated with Kloiber. Nichols testified to incriminating statements made by Kloiber during their incarceration. The attorney representing Kloiber had represented Nichols in an earlier proceeding which resulted in Nichols' incarceration. On review, this court found no *per se* conflict of interest arose out of counsel's prior representation, where counsel terminated his representation of the State's witness and the crime with which the State's witness was charged was unrelated.

The defendant correctly notes that this court held in *People v. Cunningham* (1984), 126 Ill. App. 3d 637, 643, 467 N.E.2d 404, 408, *appeal allowed* (1984), 101 Ill. 2d 584, that a conflict may arise even when the defendant's attorney no longer represents the State's wit-

ness. However, in *Cunningham*, counsel had represented two codefendants prior to terminating his representation of one of the defendants.

In the instant cause, defense counsel's representation had terminated two years prior to the defendant's trial. She represented Wells on a completely unrelated charge. On the instant facts, and based on the decision in *Kloiber*, we find that no *per se* conflict existed. The fact that the State's witness in the instant cause was the victim rather than merely a witness is not sufficient to distinguish the instant case from *Kloiber*.

Because we find that no *per se* conflict existed, and no claim of any actual prejudice is made by the defendant, we do not address whether the defendant's statement was sufficient to waive any conflict.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.